**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: Kimberly LaMotta

|  |  |
|---|---|
| ) | 22 B 11650 |
| ) | |
| ) | |
| Debtor(s)            ) | **Judge Janet S. Baer** |

*NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

| Kimberly LaMotta | Desirae Bedford | Adam Brief, Assistant United States Trustee |
| 23 W 039 Hackberry Dr. | Recovery Law Group | Office of The United States Trustee |
| Glenn Ellyn, IL 60137 | 55 E Monroe St.,#3800 | 219 S. Dearborn Street, Room 873 |
|  | Chicago, IL 60603 | Chicago, IL 60604  **Via email** |

Please take notice that on November 17, 2023 at 9:30 am, a representative of this office shall appear before the Honorable Judge Janet S. Baer, or any judge sitting in that judge's place, in Courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago IL 60604,**or** electronically as described below, and present this motion, Motion for Hearing under §§ 329, 330, 528(a) and Rule 2017, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically or by video or by telephone.

**To appear by video,** use this link: https//www.zoomgov.com/join. Then enter the meeting ID and passcode.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **160 731 2971** and the passcode is **587656.** The meeting ID and passcode can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

    I certify that this office caused a copy of this notice to be delivered to attorney through the CM/ECF system and to the above listed debtor[s] by depositing it in the U.S. Mail on November 10, 2023.

                                                                           /s/ Pamela L. Peterson
                                                                           For Glenn Stearns, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Kimberly LaMotta | ) | |
| | ) | 22 B 11650 |
| | ) | |
| | ) | |
| Debtor(s) | ) | **Judge Janet S. Baer** |

**MOTION FOR HEARING UNDER §§ 329,330,528(a) AND RULE 2017**

Now Comes Glenn Stearns, Chapter 13 Trustee, requesting a hearing as to the attorney fees of Desirae Bedford and Recovery Law Group pursuant to 11 U.S.C. §§ 329, 330, 528(a), and Bankruptcy Rule 2017 and in support thereof, states the following:

1. On October 9, 2022, the debtor filed a petition under Chapter 13.

2. Desirae Bedford filed this case on behalf of the debtor and is the attorney of record.

3. Based on the Court Approved Retention Agreement ("**CARA**"), docket #1, page 41-45, the Debtor and attorney agreed to a flat fee of $4,500.00 of which $1,500.00 was paid in advance leaving a $3,000 balance. This complete CARA is not signed by the Debtor.

4. Based on Form B2030, Disclosure of Compensation of Attorney for Debtor, the fee was $4,500.00 with $1,500.00 paid in advance with a $3,000.00 balance. See docket #1, page 46.

5. The Debtor signed the signature page of the CARA and it shows the Debtor having paid $1,500.00 in advance but says the balance is $0.00. See docket #1, Signature Page #5.

6. The trustee is concerned that there is a direct conflict between the CARA at pages 41-45 of docket #1, the Form B2030, and the actual signature page of the CARA at page 5 of the signature pages in Docket #1.

7. The Statement of Financial Affairs and the Amended Statement of Financial Affairs reflects that the Debtor paid Recovery Law Group attorney fees and the filing fee in the amount of $1,810.00 back in 2020. See Docket #1, page 33, and Docket #26, page #4.

8. The Trustee is concerned as to why the attorney fees were paid back in 2020, when the present case was not filed until October 9, 2022.

9. The debtor does not have any bankruptcy cases filed in the year 2020.

10. The only fee agreement attached is the CARA in docket #1.

11. The CARA was signed on October 5, 2022.

12. Section 528(a) of the Bankruptcy Code requires a written contract within 5 business days of the first date that the attorney assisted the Debtor. See 11 U.S.C. §528(a).

13. The debtor attorney clearly assisted the debtor back in 2020 when the fees were paid but the CARA was not signed until October 5, 2022.

14. It is a clear violation of 11 U.S.C. §528(a) if the debtor attorney assisted the debtor back in 2020, which is when the fees were paid per the Statement of Financial Affairs, but the written contract was not signed until October 2022.

WHEREFORE, the Trustee prays that the court review the transactions between the Debtor and Debtor Attorney for contradictory filings, for the delay between when the attorney fees were paid and when the case was filed, and for violation of 11 U.S.C.§528(a) and orders that Desirae Bedford, Recovery Law Group, disgorge any and all fees received directly from the Debtor, and/or for such further relief as this court deems proper.

Respectfully Submitted;

Pamela L. Peterson, Staff Attorney


/S/ Pamela L. Peterson
For: Glenn Stearns Chapter 13 Trustee


Pamela L. Peterson, Staff Attorney
Office of Glenn Stearns Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532 (630) 981-3888